KENNEDY v. ROUNDTREE.

SAME v. EAVES.

SAME v. POWELL.

SAME v. BALDWIN.

1. LEVY—EXECUTION.—Memoranda of a levy under execution made on a separate piece of paper from the execution, and not attached thereto, but placed with it in sheriff's office, is sufficient compliance with Rev. Stat., 2114, to constitute a levy.

2. EVIDENCE—REVENUE STAMPS.—That a deed has not the amount of U. S. revenue stamps required by revenue law to be placed thereon, is no objection to its introduction in evidence, in the Courts of this State.

Before GAGE, J., Barnwell, March, 1900.    Reversed.

Four actions for possession of lands by A. M. Kennedy against L. T. Roundtree, W. H. Eaves, Lee Powell, and Dora Baldwin.    From judgment of nonsuit, both parties appeal.

*Mr. J. O. Patterson,* for plaintiff, appellant, cites: *As to levy:* 8 Rich., 454; 1 McC., 53; 37 S. C., 115.

*Messrs. Bates & Sims* and *Allen J. & P. H. Green,* for defendants, appellants.    *Mr. Allen J. Green* cites: *This contest not between purchaser and judgment debtor:* 1 Mill, 323. *Essentials in making out a case of this kind:* 1 McM., 377; Rev. Stat., 2114; 53 S. C., 380.    *Sheriff's deed not admissible in evidence, because had not necessary revenue stamps:* War revenue act., pp. 9, 15; Nos. 19746 and 19839, compilations of decisions by commissioner of internal revenue.

February 26, 1901.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    The record contains the following statement, to wit: "The four above cases were commenced by the service of the summons and complaint on the 10th day of February, 1899, and were heard together upon the pleadings and testimony reported by the master, a jury trial having been waived.    Each of the said cases were for the recovery of real estate.    The complaint and answer are the same in each case except the description of the land.    The plaintiffs and defendants claim from the same source of title, to wit: from Allen J. Weathersbee.    The plaintiff claims under a deed from F. H. Creech, sheriff, who sold land described in the complaint under execution issued out of the Court of Common Pleas, under a judgment of the Court of

Common Pleas entitled W. H. Kennedy v. J. Allen
Weathersbee. At the close of the plaintiff's case, the de-
fendant moved for a nonsuit upon the ground that no levy
had been shown upon the execution relied on to support the
sale, and also upon the further ground that the deed from
the sheriff to the plaintiff did not have any U. S. revenue
stamps upon it. The Judge sustained the first ground, but
overruled the second ground of nonsuit.

The plaintiff appealed upon the following exception: "1.
Because his Honor, Judge Gage, erred in holding that no
levy had been shown upon the execution relied upon to sup-
port the sale; whereas, his Honor should have held
that the testimony of the sheriff and the levy set out
upon the schedule annexed to the execution and the
recitals in the sheriff's deed, were sufficient proof that a levy
had been made, and a sufficient compliance with the statute
requiring the levy to be indorsed upon the execution or upon
a schedule thereto annexed." The judgment and execution
in the case of W. H. Kennedy against Allen J. Weathersbee
were introduced in evidence; also, the following instru-
ment of writing, which will hereinafter be explained by the
testimony of the sheriff, to wit: "W. H. Kennedy v. A. J.
Weathersbee. By virtue of the above execution, I have
levied upon and will sell at Barnwell C. H., on Monday, the
2d day of January, 1899, during the usual hours of sale, to
the highest bidder for cash, the following real estate, to wit:
One tract of land, containing 240 acres, more or less, known
as the Wall place, bounded by lands of James Simmons, W.
W. Harley, Mrs. Williams and the estate of Jacob Holman.
(Then follows a description of four tracts of land, including
the land in dispute.) Levied upon as the property of A. J.
Weathersbee to satisfy execution and cost lodged in my
office in favor of W. H. Kennedy. Terms cash, purchaser
to pay for papers. Frank H. Creech, Sheriff Barnwell
County. Sheriff's office, December 10th, 1898." The fol-
lowing is an extract from the testimony of Frank H. Creech,
sheriff: "Q. I hand you the original execution in that case,

marked exhibit C.   Please state if you made any levy under that execution, when you made them, and what you levied upon?   (Question objected to.)   A. This was the original execution filed in my office December 1, 1898, and entered in execution book, page 69.   I levied on the property described in this paper, 'exhibit E,' on the 10th December, 1898.   Q. Where did you have the paper, marked 'exhibit E?'   A. In the execution.   My reason for putting it in there—(Defendant's counsel objects to question upon ground that 'exhibit E' is a separate and distinct paper not in any manner connected with the execution, and purports to be and is the advertisement of the property for sale, and is not signed by the sheriff nor pasted to, nor otherwise attached to, the execution)—was that there was so much property, that it was impossible for me to get sufficient space to copy the levy without writing it on a separate paper, and this is an exact copy of the levy, dictated by me to Mr. Hagood, my clerk, and placed inside of the execution as the levy on the property, and could have been found at any time in my office.   Q. Do you know what paper you had this advertisement in? A. It was in The Barnwell Sentinel, which is published in this county.   Q. Was the advertisement posted on the court house door?   A. Yes, sir.   Q. Was it posted and advertised from the date of the levy as stated in the book?   A. Yes, sir.   Recross: ('Exhibit C' shown witness.)   Q. On the back of that execution I see your name written, is that your signature?   A. No, sir.   Q. Is that the signature of your regularly appointed deputy?   A. No, sir, it was made by Mr. Hagood, my clerk.   Q. Does your official seal as sheriff appear anywhere upon that paper?   A. No, sir. Q. You stated just now that 'exhibit E' was a copy of the levy made?   A. Yes,   sir.   Q. Where   is   the   original?   A. That is an exact copy of the levy as made by me.   We made three copies, one was the original, and two were the copies; one was for the paper and one was to be posted upon the court house door and one as levy—this paper here.   Q. As a fact, then, there were three originals?   A. Yes, sir, made

at the same time upon a typewriter. The other two were exactly like that one. Q. Did you sign that paper ('exhibit E' being shown witness)? A. No, sir, but I dictated the signature." It seems that there is no dispute as to the facts. Section 2114 of the Rev. Stat. is as follows: "The sheriff shall make a memorandum in writing of the date of every levy and specify the property upon which the levy has been made on the process or in a schedule thereunto annexed, and if more than one process shall be levied on such property, reference on each shall be made to such memorandum on schedule." In the case of *Tyler* v. *Williams*, 53 S. C., 367, the Court, in construing this section, says: "To constitute a levy, therefore, four things may be done: 1st. Memorandum in writing must be made by the sheriff. 2d. This memorandum must contain the date of the levy. 3d. It must specify the property levied on. 4th. Such memorandum must be made on the execution or in such schedule thereto annexed." It is not contended that there was a failure to comply with the first three of said requirements, but that the memorandum was not annexed to the execution. While it is true there was not in technical strictness the physical annexing of the memorandum to the execution, there was, nevertheless, a substantial compliance with the provisions of the statute. This technical defect worked no injury to the rights of any of the parties. The exception must be sustained.

The respondent's attorneys served the following notice: "Please take notice that if an appeal to the Supreme Court is perfected in the above stated cases, the defendants will insist that the order of nonsuit and judgment thereon be sustained upon the following grounds upon which the motion for nonsuit was based, and which was urged in argument before the Circuit Court and passed upon by the presiding Judge, to wit: That plaintiff had failed to make out his case, in that the deed from the sheriff to the plaintiff, under the execution sale in the case of Kennedy v. Weathersbee, did not bear the requisite U. S. revenue

stamps, and hence was not in evidence." The provisions of the United States statutes upon which the respondents rely are: Schedule "A," page 15, of War Revenue Act Conveyance: "Conveyance: Deed, instrument or writing whereby any lands, tenements or other realty sold shall be granted, assigned or otherwise conveyed to or vested in the purchaser or purchasers, or any other person or persons, by his, her or their discretion, when the consideration or value exceeds one hundred dollars and does not exceed five hundred dollars, fifty cents, and for each additional five hundred dollars or fractional part thereof in excess of five hundred dollars, fifty cents." And section 14, same page 9, same act: "Sec. 14. That hereafter no instrument, paper or document required by law to be stamped, which has been signed or issued without being duly stamped, or with a deficient stamp, nor any copy thereof shall be recorded or admitted or used as evidence in any Court until a legal stamp or stamps denoting the amount of tax shall have been affixed therteo, as prescribed by law * * *" The Court has not been referred to any case from the United States Supreme Court deciding this question, and as we have not been able to find any, we presume that Court has not decided or determined the question. In construing the act of Congress from which we have quoted, the Court, in the case of *Knox* v. *Rossi*, 48 L. R. A. (Nev.), 305, says: "We have not been referred to any adjudication of the provisions concerning stamped instruments offered in evidence under the act of Congress cited, but substantially the same provisions contained in the internal revenue law of 1862 have frequently been the subject of judicial construction. One of the early cases under this law was *Carpenter* v. *Snelling,* 97 Mass., 452. After stating that the law did not in terms extend to State Courts—the law of 1898 in this respect is the same—the decision proceeds: 'The language of the enactment is only that no instruments or documents not duly stamped shall "be admitted or used as evidence in any Court" until the requisite stamps shall be affixed. This provision can have full operation and

effect if construed as intended to apply to those Courts only, which have been established under the Constitution of the United States, and by acts of Congress over which the federal legislation can legitimately exercise control, and to which they can properly prescribe rules regulating the course of justice, and the mode of administering justice. We are not disposed to give a broader interpretation to the statute. We entertain grave doubts whether it is within the constitutional authority of Congress to enact rules regulating the competency of evidence on the trial of cases in the Courts of the several States, which shall be obligatory upon them. We are not aware that the existence of such a power has ever been judicially sanctioned. There are numerous and weighty arguments against its existence. We cannot hold that there was an intention to exercise it where, as in the provision now under consideration, the language is fairly susceptible of a meaning which will give it full operation and effect within the recognized scope of the constitutional authority of Congress.' " The case of Knox *v.* Rossi refers to several other cases and there are copious notes to this case in the volume of the L. R. A., hereinbefore mentioned, sustaining this conclusion, based upon both reasoning and authority. This additional ground must be overruled.

The judgment of the Circuit Court is reversed.